839 So.2d 1015 (2003)
STATE of Louisiana, Appellee,
v.
Gueorgui K. RAEV, Appellant.
No. 36,847-KA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2003.
Peter J. Black, Shreveport, for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, *1016 Tommy J. Johnson, William J. Edwards, Assistant District Attorneys, for Appellee.
Before WILLIAMS, PEATROSS and KOSTELKA (Pro Tempore), JJ.
WILLIAMS, Judge.
The defendant, Gueorgui Raev, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:30.1 and 14:27. The defendant entered a guilty plea to the reduced charge of attempted manslaughter, a violation of LSA-R.S. 14:31 and 14:27. The district court imposed a sentence of twelve years at hard labor. Defendant filed a motion for reconsideration of sentence, but he withdrew the motion prior to the court's ruling. Defendant appeals his sentence as excessive. We affirm.

DISCUSSION
The evidence of record shows that on November 12, 1999, defendant and his wife became involved in an altercation at their home in Shreveport, when she objected to his rough manner of feeding their infant child. During the argument, defendant became enraged when his wife told him to leave the house. The defendant struck the victim with his fist and then stabbed her in the throat with a letter opener. When the victim fell to the floor, bleeding profusely, the defendant kicked her in the back, lower ribs and buttocks severely enough to break her skin. The victim was able to escape to a neighbor's house for help. She underwent emergency surgery to repair an injured jugular vein. Defendant fled the scene in a van owned by his employer, stole a truck in DeSoto Parish and drove to Texas, where he was later apprehended.
Subsequently, defendant was charged with attempted second degree murder. Pursuant to the plea agreement, he pled guilty to attempted manslaughter and was sentenced to serve twelve years at hard labor.
The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the goals of sentencing could have been accomplished with a less severe term of imprisonment. When, as in this case, a defendant has withdrawn his motion for reconsideration of sentence, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164.
Constitutional review considers whether the sentence imposed is too severe in light of the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Caraway, 28,769 (La.App.2d Cir.10/30/96), 682 So.2d 856. A conviction for attempted manslaughter is punishable by imprisonment at hard labor for not more than twenty years.
Prior to imposing sentence, the district court conducted a sentencing hearing and reviewed a pre-sentence investigation report. The court noted the reduction in sentencing exposure gained by defendant through the plea bargain and considered the facts of the case. The record supports the district court's findings that defendant was in need of correctional treatment and *1017 that a lesser sentence would deprecate the seriousness of the offense.
As aggravating factors, the court determined that defendant had manifested deliberate cruelty by beating and kicking the victim after she fell to the ground and by leaving her to possibly bleed to death. In addition, the court found that the crime had caused a substantial economic loss to the victim and a permanent physical scar. The court also observed that the defendant had used a dangerous weapon in the offense and had committed another felony, unauthorized use of a moveable, during his flight from the crime scene for which he was not separately punished.
In mitigation, the court believed that defendant had been in a state of depression at the time of the offense. The court noted that although he did not have a prior criminal history, the defendant, a Bulgarian citizen, had been illegally residing in the United States for several years. The court recognized that he had participated in all of the available rehabilitation programs while in custody and expressed the opinion that defendant's offense resulted from circumstances unlikely to recur. However, the court was concerned that although defendant had expressed remorse for his criminal act, much of his statement to the court related to defendant's efforts to improve his mental health and seemed to be more of a justification of his deeds, rather than an expression of true sorrow about the violence he had inflicted upon his former wife.
Based upon this record, we do not find constitutional error. We conclude that the district court provided adequate reasons for imposition of this sentence, which is in the middle of the statutory sentencing range for the offense of conviction. In addition, the record demonstrates that the court adequately considered defendant's personal history and any arguably mitigating factors.
Considering the circumstances of this case, the sentence imposed is neither grossly disproportionate to the seriousness of the offense committed nor shocking to the sense of justice. There is no showing of an abuse of the district court's discretion in sentencing this defendant. Thus, we cannot say that the sentence is constitutionally excessive. The assignment of error lacks merit.
We have examined the record for error patent and found none.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.