862 So.2d 1121 (2003)
STATE of Louisiana, Appellee,
v.
James Andrew MASTERS, Appellant.
No. 37,967-KA.
Court of Appeal of Louisiana, Second Circuit.
December 17, 2003.
*1122 Paula Corley Marx, Peggy J. Sullivan, Louisiana Appellate Project, Counsel for Appellant.
John Schuyler Marvin, District Attorney, John Michael Lawrence, Charles A. Smith, Assistant District Attorneys, Counsel for Appellee.
Before BROWN, GASKINS, and CARAWAY, JJ.
BROWN, C.J.
Defendant, James Andrew Masters, pled guilty as charged to one count of DWI, fourth offense, a violation of La. R.S. 14:98 punishable, under the circumstances of this case, by imprisonment at hard labor for not less than 10 years nor more than 30 years without benefit. Defendant was sentenced to 15 years at hard labor without benefit of probation, parole or suspension of sentence. He did not move for reconsideration of sentence, but has appealed his sentence as excessive, contending that the facts and circumstances of the case do not warrant a 15-year hard labor term. Finding no error, however, we affirm.

Discussion
The record shows that on May 31, 2001, defendant was observed driving a vehicle which repeatedly drove off the road onto the shoulder then crossed the center line. A traffic stop was made. Defendant failed all field sobriety tests and registered .320 on the breath alcohol test. For charging purposes, the dates of defendant's predicate DWI convictions were February 14, 1995; February 28, 1995; April 8, 1997; and October 26, 1998. Defendant's record, however, reveals at least ten prior DWI convictions, as well as three pending DWI charges in Winn and Natchitoches Parishes.
Inasmuch as defendant did not file a La. C. Cr. P. art. 881.1 motion to reconsider his sentence, we will limit our review to the bare claim that his sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164; State v. Raev, 36,847 (La.App.2d Cir.03/05/03), 839 So.2d 1015, writ denied, 03-0988 (La.10/10/03), 855 So.2d 330. Constitutional review determines whether a sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
La. R.S. 14:98(E)(1)(a) provides that:
Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.
La. R.S. 14:98(E)(4)(b) provides that:
If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed *1123 with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
Prior to imposing sentence, the court reviewed a PSI report which provided extensive details of defendant's social history, including his education and work experiences. Defendant, 40 years old at the time of this offense, was a fourth felony offender with convictions for simple burglary in 1978 and 1992, and for unauthorized use of a moveable in 1988. He had convictions for DWI in 1978, 1980, four in 1981, and others in 1984, 1985, 1987 (in conjunction with resisting an officer), 1995, the four predicate offenses, and a DWI fourth conviction in 2002 for which he received a 10-year sentence with all but 60 days suspended with substance abuse treatment and home incarceration.[1] Defendant, who had completed the 11th grade, began drinking "heavily" at age 24. He is married and has a 21-year-old son. His employment history consists of jobs involving manual laborer, as well as in construction and on an offshore drilling rig. Defendant received treatment for substance abuse in 1996 and 1999. Considering these factors, the court concluded that defendant was in need of correctional treatment, that a lesser sentence would deprecate the seriousness of the offense, that the circumstances were likely to recur, and that incarceration would not entail an excessive hardship on defendant's dependents.
On this record, we do not find constitutional error. Defendant has a very substantial record of driving while intoxicated. The instant offense occurred some two hours after police had responded to a domestic disturbance call from defendant's wife which arose when she tried to prevent him from driving. He has received substance abuse treatment and probation after his numerous DWI convictions, including suspension of his sentence after his DWI fourth offense conviction in 2002. Defendant's 15-year sentence, considering his background and the facts of this case, is certainly not grossly disproportionate to the severity of the offense of conviction nor shocking to our sense of justice.
Appellate defense counsel's claim that defendant's trial attorney counsel was ineffective for failing to move for reconsideration of sentence is without merit.

Conclusion
For the reasons set forth above, we affirm defendant's sentence. AFFIRMED.
NOTES
[1] As noted above, there are also there DWI charges currently pending in Winn and Natchitoches Parishes.