900 So.2d 237 (2005)
STATE of Louisiana, Appellee,
v.
Richard L. HOPSON, Appellant.
No. 39,570-KA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*238 Louisiana Appellate Project by Peggy J. Sullivan, George Britton, III, for Appellant.
Jerry L. Jones, District Attorney, Shirley M. Wilson, Assistant District Attorney, for Appellee.
Before BROWN, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Defendant, Richard L. Hopson, was originally charged with one count of possession of marijuana with intent to distribute and one count of conspiracy to distribute marijuana. The State agreed to dismiss the conspiracy charge and not to file a habitual offender bill of information in exchange for Defendant's guilty plea to the possession charge. The court imposed a sentence of nine years at hard labor. Defendant appeals his sentence as excessive. For the reasons stated herein, we affirm the conviction, but vacate the illegally lenient sentence and remand for resentencing.

DISCUSSION
On March 27, 2004, a state trooper effected a traffic stop of Defendant after observing Defendant commit several traffic violations on I-20 in Ouachita Parish. During the traffic stop, Defendant consented to a search of his vehicle. An inspection revealed 15 bricks containing approximately 53 pounds of marijuana hidden in the vehicle. Defendant was advised of his Miranda rights and subsequently told the state trooper that he was to be paid $2,000 for transporting the marijuana to North Carolina. He admitted that it was not the first time he had transported drugs and a background check of Defendant revealed a prior conviction in 1996 for possession of 50 pounds of marijuana.
*239 As previously stated, after pleading guilty to possession with intent to distribute in exchange for the State's agreement to drop the conspiracy charge and not to file a habitual offender bill, Defendant was sentenced to serve nine years at hard labor.
When, as here, a defendant fails to file a La. C. Cr. P. art. 881.1 motion to reconsider sentence, the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Raev, 36,847 (La.App.2d Cir.3/5/03), 839 So.2d 1015, writ denied, 03-0988 (La.10/10/03), 855 So.2d 330. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
Past records of drug offenses weigh heavily in the decision to uphold the imposition of even maximum sentences. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
On this record, we do not find constitutional error. Defendant, age 33, is a second-felony offender with a prior conviction for possession of a large amount of a controlled dangerous substance. He was given great lenience by the State through its agreement to forebear from filing a habitual offender bill. As a second-felony drug offender, Defendant would have been exposed to a sentencing range of 15 to 60 years. La. R.S. 15:529.1 A(1)(a). The sentence imposed is less than one-third of what the trial court could have imposed and, considering Defendant's history, is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence, which is supported by the record and which is not excessive.
Our error patent review, however, discloses that the sentence is illegally lenient. The statute of conviction, La. R.S. 40:966, provides that a person convicted thereof shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, "at least five years of which shall be served without" benefits. The trial court neglected to direct that any portion of the sentence be served without benefits. This is not a matter which is corrected automatically by operation of La. R.S. 15:301.1[1], *240 since that statute applies to determinate terms of sentence to be served without benefits; the "at least" language contained in La. R.S. 40:966, supra, requires an exercise of the sentencing court's discretion and, therefore, requires remand for determination of the portion of the sentence to be served without benefits.

DECREE
The conviction is affirmed. The sentence is vacated and the matter is remanded for resentencing in accordance with this opinion, specifically, a determination of the portion of the sentence to be served without benefits.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING IN ACCORDANCE WITH THIS OPINION.
NOTES
[1] La. R.S. 15:301.1 provides:

A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court's own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this Section.
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.