BROWN, C.J.
11 After being convicted of simple burglary, defendant, Otis Bernard Solomon, was sentenced as a third felony offender to 12 years at hard labor without benefit. Defendant has appealed his conviction and sentence. For the reasons set forth below, we affirm.

Discussion

Sufficiency of the Evidence

On May 19, 2004, Corporal Gregory Washington went home early from his patrol shift with the Shreveport Police Department to study for an upcoming test with the Air Force Reserve. Corporal Washington lives rent free as a result of serving as a security or courtesy officer for the Southern Village Apartment Complex. At approximately 3:30 a.m., as Cpl. Washington was studying in his apartment, he heard a “banging” noise and looked out his window to see defendant crouched between two cars in the complex parking lot. Corporal Washington went outside and observed defendant breaking into a Buick. Corporal Washington returned to his apartment to get his boots and “gun rig.”
When Cpl. Washington got back to the parking lot, defendant walked away. Cpl. Washington pursued defendant and radioed police headquarters to report the offense and give a description of the suspect. Cpl. Washington testified that he maintained sight of defendant except once as he rounded the corner of the apartment building. According to Cpl. Washington, a child told him that the man running had just broken “into that lady’s car.” The *956 child’s mother later refused to let police interview him. Corporal Washington stated that Cpl. Jerry Curtis had already detained defendant by pthe time he caught up with him. Corporal Washington identified defendant at the time of arrest and at trial as the man who was breaking into the Buick.
Corporal Curtis, an officer with the K-9 unit, stated that he was conducting a routine security check of a local business and talking with Patrolman Stevie Gillis when the two officers heard Cpl. Washington radio for assistance. Corporal Curtis said the officers answered the call because the apartment complex was just down the road from where they were parked. Officer Gillis, who arrived on the scene first, testified that he saw defendant walking out toward the sidewalk from the area of the woods. Defendant was near the location reported by Cpl. Washington and matched the officer’s description of a black male wearing a black leather jacket and jeans.
Corporal Curtis testified that defendant “had something shiny in his hand” that the officers thought might be a weapon. Corporal Curtis ordered defendant to drop his weapon and the officer unholstered his gun. Defendant dropped the cell phone he held and followed the officers’ commands while Officer Gillis handcuffed defendant. Officer Gillis searched defendant and found a car stereo system, the face plate for that system, another cell phone, and several burglary tools, including a screwdriver, two sets of nail clippers, a pocket knife, and a fork. Tara Alexander, the Buick’s owner and a resident of the Southern Village Apartments, identified the stereo, face plate, and two cell phones as property stolen from her vehicle. Ms. Alexander testified that she did not know defendant and had not given him permission to enter her car.
^Defendant testified that he had been playing dominoes at a friend’s apartment in the Southern Village Apartment Complex that evening. According to defendant, he left his friend’s residence and walked toward the field, passing Cpl. Washington along the way. Defendant stated that Cpl. Washington never asked him to stop. Defendant also testified that he was never in the parking lot of the apartment complex. According to defendant, he found the stereo equipment, face plate, cell phones, and burglary tools “stacked together” “right at the corner of the back of the apartments.” Defendant stated that he had been wearing a brown rubber jacket that night. Defendant acknowledged that he had previously pled guilty to burglary of an inhabited dwelling and possession of stolen things.
Defendant asserts that there was insufficient evidence to prove that he committed the offense of simple burglary by making an unauthorized entry into Ms. Alexander’s vehicle. According to defendant, Corporal Gregory Washington was not close enough to clearly see and identify the man breaking into the car. Defendant claims that his version of the events presented a “reasonable hypothesis of innocence,” and while the state may have had a successful case for possession of stolen things, it failed to prove an unauthorized entry.
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony of any theft therein. La. R.S. 14:62(A). The proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the ^prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a *957 reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element ■ of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.09/25/98), 719 So.2d 610, writ denied, 98-2723 (La.02/05/99), 737 So.2d 747.
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.08/30/02), 827 So.2d 508, writ denied, State ex rel. Gilliam v. State, 02-3090 (La.11/14/03), 858 So.2d 422. In the absence of internal contradiction or irreconcilable conflict with 1 ¡^physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.05/08/96), 674 So.2d 1018, units denied, 96-1459 (La.11/15/96), 682 So.2d 760, 98-0282 (La.06/26/98), 719 So.2d 1048.
Having reviewed the testimony presented at trial, we find it sufficient to support defendant’s conviction. Corporal Washington identified defendant as the man he saw' attempting to break into Ms. Alexander’s car and then fleeing the scene. Tara Alexander identified the stereo equipment, face plate, and cell phones found on defendant as items stolen from her car. She testified that she did not know defendant and never gave him permission, to enter her car. There was evidence that the rear window of her car had been broken. Defendant was arrested in possession of the stolen items and burglary tools just moments after Cpl. Washington’s communication of a burglary in progress. In fact, Cpl. Washington was still in pursuit of defendant at the time of his apprehension. Defendant matched the description given by Cpl. Washington. The jury obviously found Cpl. Washington’s identification of defendant as the burglar to be more credible than defendant’s explanation of how he came into possession of the stolen items and burglary tools. The evidence, when viewed in a light most favorable to the prosecution, is sufficient to support the guilty verdict of simple burglary. This assignment is without merit.

Excessive Sentence

Defendant contends that his sentence is excessive because the trial court failed to take into consideration, inter alia, his age and the sentences | (¡he was offered before and after trial during the plea bargaining process. Defendant also argues that the judge failed to “articulate reasons to justify the sentence.”
Whoever commits the crime of simple burglary shall be fined not more than $2,000, imprisoned with or without hard labor for not more than 12 years, or both. La. R.S. 14:62(B). If one is adjudicated a *958 third felony offender, the penalty prescribed is imprisonment of not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. La. R.S. 15:529.1(A)(l)(b). Any sentence imposed under the provisions of this habitual offender section shall be without benefit of probation or suspension of sentence. La. R.S. 15:529.1(G).
Thus, as a third felony offender convicted of simple burglary, defendant was- subject to a possible sentencing range of 8 to 24 years with or without hard labor, without benefit of probation or suspension of sentence. La. R.S. 14:62(33); La. R.S. 15:529.1(A)(l)(b); 15:529.1(G). Defendant was sentenced to 12 years at hard labor without benefit.[1]
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App.2d Cir.01/28/04), 865 So.2d 280, writ denied, 04-0597 (La.09/24/04), 882 So.2d 1165.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
Defendant was convicted of simple burglary for breaking into Tara Alexander’s car and stealing stereo equipment and cellular phones. His two prior felony convictions included a guilty plea to simple burglary of an inhabited dwelling in 1995 and another guilty plea to a felony illegal possession of stolen things in 1999. Defendant entered a habitual offender guilty plea after the trial court advised him of his rights. Thereafter, a sentence of 12 years at hard labor was imposed, then a motion for post-verdict judgment of acquittal was argued and denied before defendant testified about problems with his lawyer and the sentencing offers from the state. Subsequently, the trial court reiterated its sentence of 12 years at hard labor.
In his motion to reconsider sentence, defendant claimed that the trial court “failed to articulate reasons to justify the imposition of a sentence in | Sexcess of the minimum.” The trial court sentenced defendant in the instant case to four years greater than the minimum without giving reasons. While the trial court should have articulated its reasons, under the circumstances of this case, the sentence is not excessive. The sentence is within the statutory range and is only four years more than the minimum. This is defendant’s third felony offense, and the failure of the prior punishment to rehabilitate him is obvious.
Defendant argues that he was harshly punished for exercising his rights to go to trial and to appeal. The record shows that the state offered defendant the opportuni *959 ty to plead guilty before trial in exchange for a sentence of four years. Defendant told the court that he rejected the plea agreement but “would like to talk to a lawyer first and have him go through it.” The trial court told the state to “leave it open” to allow defense counsel to confer with defendant. The offer was thereafter rejected. At the sentencing hearing, defendant testified that his attorney was ineffective in failing to first ask for a two-year sentence and then to “take the four.” Defendant and defense counsel then told the court that defendant had turned down after trial but before the sentencing hearing a plea offer of 12 years without the filing of a habitual offender bill of information.
In Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the United States Supreme Court stated:
To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person’s reliance on his legal rights is ‘patently unconstitutional.’ But in the ‘give-and-take’ of plea bargaining, there is no such element of punishment or retaliation so long as the accused | nis free to accept or reject the prosecution’s offer.... While confronting a Defendant with the risk of more severe punishment clearly may have a ‘discouraging effect on the Defendant’s assertion of his trial rights, the imposition of these difficult choices [is] an inevitable’ and permissible ‘attribute of any legitimate system which tolerates and encourages the negotiation of pleas.’ It follows that by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor’s interest at the bargaining table is to persuade the Defendant to forego his right to plead not guilty. [Citations omitted]
From the record, it appears that defendant had two opportunities to accept plea offers and that he refused both times. By doing so, he took the chance that the trial court might impose a more severe sentence. The sentence imposed is not constitutionally excessive and defendant’s right to due process was not violated by the fact that a greater sentence than those offered by the prosecutor in plea negotiations was imposed. There is nothing in the record that shows that defendant’s sentence is a product of vindictiveness by the state or the trial court. A review of the record also shows no procedural problems in defendant’s guilty plea to being a third felony offender.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.

. While the trial court incorrectly stated that the sentence would be served without benefit of probation, suspension of sentence, and parole because of the habitual offender law, defendant's ineligibility for parole lies in the fact that he was adjudicated a third felony offender. La. R.S. 15:574.4(A)(1).