926 So.2d 779 (2006)
STATE of Louisiana, Appellee,
v.
Ralph Donald SWEAT, Appellant.
No. 40,625-KA.
Court of Appeal of Louisiana, Second Circuit.
April 12, 2006.
Louisiana Appellate Project, by G. Paul Marx, for Appellant.
Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Dhu Thompson, Assistant District Attorneys, for Appellee.
Before DREW, MOORE and LOLLEY, JJ.
MOORE, J.
The defendant was charged with simple burglary by bill of information. After the bench trial, the defendant was found guilty as charged. The state filed a fourth felony habitual offender bill of information. The defendant filed a motion to quash, and the trial court granted the motion as to one of the prior felonies. Reserving the right to appeal his simple burglary conviction, the defendant stipulated to being a third felony offender and received an agreed-upon sentence of 20 years at hard labor without benefit of probation, parole or suspension of sentence. Our error patent review reveals that the sentence is illegally excessive because the trial court incorrectly ordered service of the sentence *780 without parole.[1] The defendant's sentence is amended to delete the prohibition against parole. We affirm, as amended.
The defendant's appellate counsel filed a Benjamin brief and motion in this court stating that he had conscientiously and thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal, nor any trial court ruling which arguably would support an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). In addition to summarizing the procedural history and the facts of the case, the court-appointed attorney's brief provided a detailed, reviewable assessment of whether the appeal was worth pursuing. State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In accordance with Anders, Mouton and Benjamin, supra, appellate defense counsel also notified defendant of his right to file a pro se brief and sought to withdraw from the case. We held the motion to withdraw in abeyance and advised defendant of his right to file an appellate brief within 30 days of our October 13, 2005 order deferring a ruling on counsel's motion to withdraw. Defendant has not responded to the notice.
We have examined all the pleadings filed in the district court, the court proceedings, the bill of indictment and all transcripts contained in the record. Defendant was properly charged by bill of information. Defendant was present in court and represented by counsel at all important stages of the proceedings.
Even if we were to review the constitutionality of defendant's sentence, we find that the sentence neither shocks the sense of justice nor does it constitute a purposeless and needless infliction of pain and suffering. The imposed sentence was agreed upon. Where a sentence has been agreed to as a consequence of a plea bargain and the sentence imposed is as agreed, the defendant may not appeal his sentence and there is no need for the trial court to give reasons for the sentence as required by La. C. Cr. P. art. 894.1. State v. Rainey, 38,869 (La.App. 2 Cir. 9/22/04), 882 So.2d 716; State v. Jonas, 29,750 (La. App. 2 Cir. 8/20/97), 698 So.2d 744. Additionally, the defendant was a third felony offender, who has previously been convicted of felony theft and simple burglary of an inhabited dwelling.
Our independent review disclosed no non-frivolous issues and no rulings which arguably support an appeal. However, our error patent review discloses that the sentence is illegally excessive. La. R.S. 14:62 provides that the person convicted of simple burglary shall be imprisoned, with or without hard labor, not more than 12 years. La. R.S. 15:529.1 provides that a third felony offender shall be imprisoned for a term not less than one-third the longest term and not more than twice the longest term for first conviction. Additionally, Subsection G provides that any sentence imposed under the habitual offender statute shall be without benefit of probation or suspension of sentence. The trial court did not err in disallowing the defendant benefits of probation and suspension of sentence. However, the trial court erred in ordering the defendant's sentence be served without the benefit of parole.[2] Accordingly, we amend the *781 defendant's sentence to delete the prohibition against parole.
For the forgoing reasons, the conviction is affirmed and the sentence is amended, and as amended, affirmed.
CONVICTION AFFIRMED AND SENTENCE AMENDED; AS AMENDED, AFFIRMED.
NOTES
[1] This was an agreed-upon sentence between the state and the defendant. However, as explained below, La. R.S. 14:62 and La. R.S. 15:529.1 A(1)(b)(i) & G do not provide for a prohibition against parole.
[2] Although the sentence is amended to remove the prohibition from parole since it is not mentioned in the statute of conviction, we note that under La. R.S. 15:574.4(A)(1), a "person convicted of a third or subsequent felony offense shall not be eligible for parole."