930 So.2d 336 (2006)
STATE of Louisiana, Appellee
v.
Raphiel HILL, Appellant.
No. 41,031-KA.
Court of Appeal of Louisiana, Second Circuit.
May 17, 2006.
*338 W. Jarred Franklin, for Appellant.
Paul J. Carmouche, District Attorney, Brady O'Callaghan, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS, and MOORE, JJ.
BROWN, Chief Judge.
Defendant, Raphiel Hill, was charged by bill of information with armed robbery and convicted by a jury of the lesser included offense of simple robbery. Thereafter, having been adjudicated a third felony offender, defendant was sentenced to seven years at hard labor without the benefit of probation, parole, or suspension of sentence. Defendant appeals his conviction and sentence. Finding no error, however, we affirm.

Facts
On April 14, 2004, defendant, Raphiel Hill, ran into Marcus Brown, a childhood acquaintance, at a local convenience store and asked Brown for a ride to an address on Desoto Street. Brown, who was driving his roommate's car, a Dodge Intrepid, testified that once on Desoto Street, defendant pulled out a gun and pointed it at him. A struggle ensued and defendant hit Brown twice on the head with the gun. Brown managed to get away and defendant drove off in the vehicle. Brown used the phone of a nearby resident to report the incident. Brown reported to police that the car was taken by defendant, Raphiel Hill.
On April 19, 2004, Cedric Harvey and China Edwards were in the Intrepid heading down Line Avenue when the car's owner, Carl Muscove, spotted his vehicle and followed the men to the Spring Lake Nursing Home. The police were called and Harvey and Edwards were taken in for questioning. Harvey related to Detective Chris Wray that he had borrowed the car from defendant, who was his wife's godson, believing that the car belonged to defendant. According to Harvey, he had no idea that the vehicle had been stolen. Both Harvey and Brown picked defendant out of a photo lineup.
Defendant was arrested and charged with armed robbery and convicted on October 27, 2004, by a jury of simple robbery, a responsive verdict. Thereafter, adjudicated a habitual offender, defendant was sentenced to seven years without benefit. Defendant has appealed his conviction and sentence.

*339 Discussion

Sufficiency of the Evidence
Defendant asserts that the prosecution presented insufficient evidence to establish the elements of simple robbery and that the jury erred in finding otherwise. He urges this court to set aside his conviction.
Simple robbery is defined as the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon. La. R.S. 14:65(A). Armed robbery contains the elements of simple robbery but adds commission while armed with a dangerous weapon. La. R.S. 14:64. Proof of the greater or lesser crime supports the conviction of the lesser included offense. State v. Johnson, 01-0006 (La.05/31/02), 823 So.2d 917; State v. Cooley, 260 La. 768, 257 So.2d 400 (1972); State v. Wright, 36,635 (La.App.2d Cir.03/07/03), 840 So.2d 1271.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.02/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.09/29/02), 827 So.2d 488, writ denied, 02-2634 (La.09/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. Art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/04/96), 680 So.2d 1165.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.08/30/02), 827 So.2d 508, writ denied, State ex rel. Gilliam v. State, 02-3090 (La.11/14/03), 858 So.2d 422.
In support of his argument, defendant points out that the state attempted to prove its case with the testimony of Marcus Brown and Cedric Harvey, both of whom had substantial motives to lie. Defendant notes that Brown had borrowed his roommate's car and knew he would be in trouble when he could not return the car and Harvey was, at the time of the incident, awaiting sentencing for another crime for which he had already pled guilty. Thus, there were incentives for these two witnesses to place the robbery elsewhere, which is what they did by blaming defendant. Furthermore, argues defendant, since the jury obviously did not believe that he possessed a weapon, as evidenced by the simple robbery conviction rather than a verdict of guilty as charged of armed robbery, it logically follows that the jury could not have found credible the victim's testimony about the entire robbery.
Defendant also argued that the police failed to secure any additional physical evidence which could have led to the identity of the real robber. In particular, defendant contends that the officers failed to investigate and therefore the state was unable to produce at trial any physical evidence whatsoever in support of Brown's claim that it was defendant who took the car.
As stated, a reviewing court does not assess credibility or reweigh evidence. After *340 reviewing the record, however, we find no apparent conflict in the testimony given by Marcus Brown or Cedric Harvey. The problem with defendant's theory that these two witnesses fabricated their testimony is that Brown and Harvey had never met each other and identified Raphiel Hill at separate times to police. We find the evidence to be such that a rational trier of fact could have found the essential elements of the crime of armed or simple robbery proven beyond a reasonable doubt. This assignment of error is without merit.

State's Closing Argument
Defendant next urges that the state's attorney committed reversible error during his closing argument by telling the jury that the burden of proof had shifted to the defendant. Also, with his constant referrals to defendant's failure to produce evidence, the prosecutor made indirect references to defendant's failure to testify, which is also prohibited.
Harmless error analysis begins with the premise that the evidence is otherwise sufficient to sustain the conviction if viewed from the perspective of a rational factfinder and asks whether beyond a reasonable doubt the error could not have contributed to the verdict actually returned by the defendant's jury. State v. Haddad, 99-1272 (La.02/29/00), 767 So.2d 682, cert. denied, 531 U.S. 1070, 121 S.Ct. 757, 148 L.Ed.2d 660 (2001). The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error. Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).
A prosecutor's misstatements of the law during voir dire examination or in his opening and closing remarks do not require reversal of a defendant's conviction if the court properly charges the jury at the close of the case. State v. Cavazos, 610 So.2d 127 (La.1992). The court will not reverse a conviction if not "thoroughly convinced" that the argument influenced the jury and contributed to the verdict. State v. Legrand, 02-1462 (La.12/03/03), 864 So.2d 89, cert. denied, 544 U.S. 947, 125 S.Ct. 1692, 161 L.Ed.2d 523 (2005).
In context, the references made by the prosecution were in rebuttal to arguments urged by defense counsel. These statements were that "We've met the prima facia burden of giving you evidence of defendant's guilt" and that "He (defense attorney) fails to respond to my challenge. Where is the reasonable hypothesis?"
A prosecutor's burden is not a "prima facia" case; however, this misstatement was cured by the judge's instructions to the jury, which were that:
The statements of the lawyers are not to be considered by you as evidence. The lawyers have argued their interpretation of the law.... The state must prove defendant's guilt beyond a reasonable doubt and until so proved, the defendant is presumed to be innocent.

There is nothing in the record which would indicate that any of the prosecutor's remarks contributed to the jury's verdict. Furthermore, after reviewing the record, we note that the transcript of the closing arguments do not support defendant's contention that the prosecutor made an indirect reference to defendant's failure to testify. Instead, the state's attorney's remarks were within the limits set by La. C. Cr. P. art. 774, which provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or *341 defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
The judge charged the jury that, "Defendant is not required to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn from the fact that the Defendant did not testify." This assignment of error is without merit.

Excessive Sentence
Defendant's third assignment of error is that his sentence is excessive because the trial court relied solely upon defendant's prior criminal convictions in sentencing defendant to seven years at hard labor.
When a defendant fails to file a timely motion to reconsider sentence the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993), on remand, 626 So.2d 856 (La.App. 2d Cir.1993), writ denied, 93-2933 (La.02/11/94), 634 So.2d 373; State v. Raev, 36,847 (La.App.2d Cir.03/05/03), 839 So.2d 1015, writ denied, 03-0988 (La.10/10/03), 855 So.2d 330; State v. Duncan, 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164. A sentence is constitutionally excessive when it is grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
In the instant case, defendant was sentenced on June 16, 2005. His motion to reconsider sentence, filed on July 25, 2005, was untimely under La. C. Cr. P. art. 881.1(A). Reviewing defendant's sentence for constitutional excessiveness, State v. Mims, supra, we note the following. Defendant was convicted of simple robbery. One who commits the crime of simple robbery shall be fined not more than $3,000, imprisoned with or without hard labor for not more than seven years, or both. La. R.S. 14:65. Following his conviction, defendant was adjudicated a third felony offender. The sentencing range for a third felony offender convicted of simple robbery was between 4 years and 8 months and 14 years. See La. R.S. 15:529.1(A)(1)(b)(i). Defendant's seven-year hard labor sentence is at the lower end of this range and we cannot say that it is excessive under the circumstances of this case.[1]

Conclusion
For the reasons set forth above, defendant's conviction and sentence are affirmed.
NOTES
[1] Error Patent Review

In the instant case, the terms of the statutes under which defendant was sentenced do not include a prohibition on parole. See La. R.S. 14:65; La. R.S. 15:529.1(G) (which does provide, however, that sentences imposed under the habitual offender law are to be served without benefit of probation or suspension of sentence). Instead, defendant's ineligibility for parole is statutorily mandated by La. R.S. 15:574.4(A)(1), which provides that a person convicted of a third (or subsequent) felony offense is not eligible for parole. State v. Solomon, 40,659 (La.App.2d Cir.03/08/06), 923 So.2d 954. This ineligibility for parole takes effect by operation of the provisions of La. R.S. 15:574.4(A)(1). See State ex rel. Calvin v. State, 03-0870 (La.04/02/04), 869 So.2d 866; State v. Sweat, 40,625 (La.App.2d Cir.04/12/06), 926 So.2d 779.