960 So.2d 1173 (2007)
STATE of Louisiana, Appellee
v.
Jerry Lynn CROW, Appellant.
No. 42,173-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
Louisiana Appellate Project, by James E. Beal, Jonesboro, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Assistant District Attorneys, for Appellee.
Before STEWART, GASKINS and LOLLEY, JJ.
STEWART, J.
The defendant, Jerry Lynn Crow, was tried before a jury on a count of attempted second degree murder and a count of aggravated battery. He was acquitted of attempted second degree murder, but was *1174 convicted as charged of aggravated battery. The trial court sentenced the defendant to ten years' imprisonment at hard labor, to run consecutively with any other sentence. He now appeals his sentence as excessive. For the reasons explained more fully herein, we affirm the defendant's sentence.

FACTS
Crow was charged by bill of information under two different docket numbers with attempted second degree murder and aggravated battery. The matters were consolidated for trial. The evidence adduced at trial revealed that on July 28, 2005, there was a verbal argument between Crow and the victim over the defendant's daughter. The victim was leaving an apartment complex during the early morning hours of the next day and was in a wooded area when Crow approached him from behind and hit the man on the head with a revolver. A physical altercation ensued during which the victim blocked Crow's second blow and struck him twice. Crow then fired gunshots at the victim as the victim ran away. The next morning, the victim was taken to the hospital where his head wound was stitched closed.
Following a trial, the jury found the defendant not guilty of attempted second degree murder, but guilty as charged of aggravated battery. At the sentencing proceeding held August 28, 2006, the trial court noted the circumstances of the instant crime and outlined the defendant's extensive criminal history. It observed that Crow is a fifth felony offender and is a danger to society. The trial court sentenced him to the maximum term of ten years' imprisonment at hard labor, to run consecutively with any other sentence. No motion to reconsider sentence was filed on the defendant's behalf. However, defense counsel filed a motion for out-of-time appeal on October 13, 2006, which was granted. This appeal followed.

DISCUSSION
Excessive Sentence
The defense argues that in setting forth the reasons for sentencing, the trial court gave undue weight to the attempted second degree murder charge for which the defendant was acquitted. It contends that this maximum sentence of ten years' hard labor is excessive and not supported by the record. The defense asks this court to review the mitigating factors in this case, including the fact that the battery occurred as a result of a verbal altercation between the victim and the defendant over the defendant's young daughter. It concludes with a request that this court vacate the defendant's sentence and remand for the imposition of a non-excessive sentence particularized to this offender and offense.
The state cites La. C. Cr. P. art. 881.1(E) and argues that the defendant is precluded from raising excessiveness of sentence on appeal because no motion to reconsider sentence was made or filed on the defendant's behalf. It further contends that the assignment of error is nonetheless meritless because of the defendant's extensive prior criminal history and the trial court's compliance with the provisions of La. C. Cr. P. art. 894.1 in sentencing the defendant.
The state correctly notes that La. C. Cr. P. art. 881.1 applies to defendant's sentence. This article precludes the defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. In such a circumstance, the defendant is simply relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Masters, 37,967 (La. App.2d Cir.12/17/03), 862 So.2d 1121; State *1175 v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164.
A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Brisco, 33,179 (La.App.2d Cir.4/5/00), 756 So.2d 644, writ denied, XXXX-XXXX (La.5/25/01), 792 So.2d 749; State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
A thorough review of the record, including the defendant's presentence investigation report, supports the finding that the defendant's maximum ten year sentence, when the crime and punishment are viewed in light of the harm done to society by violent recidivists, does not shock the sense of justice. See State v. Weaver, supra; State v. Lobato, supra; State v. Hogan, supra; State v. Bradford, supra. Therefore, the defendant's sentence is not unconstitutionally excessive. This assignment is therefore without merit.

ERROR PATENT
At sentencing, the trial court did not adequately advise the defendant of the time period within which to apply for post-conviction relief. The trial court simply advised the defendant he had two years to seek post-conviction relief. The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which requires the trial court to inform the defendant of the limitations period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189.
The trial court should have advised defendant, and we now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.

CONCLUSION
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.