PEATROSS, J.
 

 | iDefendant, Darius Nelams, pled guilty to manslaughter in violation of La. R.S. 14:31. He was subsequently sentenced to 30 years at hard labor with credit for time served. Defendant now appeals his sentence as constitutionally excessive. For the reasons stated herein, the sentence of Defendant is affirmed.
 

 FACTS
 

 On August 3, 2009, Defendant was indicted by a Webster Parish Grand Jury on the following three felony counts: Count 1-Second degree murder of Kochief Hicks, a violation of La. R.S. 14:30.1; Count 2-Conspiracy to commit second degree murder of Kochief Hicks, a violation of La. R.S. 14:30.1 and La. R.S. 14:26; and, Count 3-Conspiracy to commit the aggravated kidnaping of Kochief Hicks, a viola
 
 *32
 
 tion of La. R.S. 14:44 and La. R.S. 14:26. Defendant was arraigned on August 24, 2009, and entered a plea of not guilty. On September 28, 2009, with benefit of counsel, Defendant withdrew his plea of not guilty and, after being advised of his rights per
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), entered a plea of guilty on Count 1 to the responsive verdict of manslaughter. In exchange, the State dismissed Counts 2 and 3. The factual basis for the plea was recited by the State as follows:
 

 If this matter were ultimately go
 
 [sic
 
 ] to jury trial, the State would introduce evidence which would indicate that Mr. Nelams and the victim were in a dispute involving money and/or drugs and that as a result of that dispute or argument Mr. Nelams went looking for Mr. Hicks. The day before the shooting he was being driven around by a Charles Moses trying to find Kochief Hicks. On the actual date of the shooting, Marcus Hayes was also in the vehicle with him. And on or |2about that date, April 26, 2009, Darius Nelams locate or located Mr. Hicks and they went to the Sonic Drive Inn (sic) looking for another individual and then the witnesses will indicate that they saw Mr. Hicks running from Mr. Nelams and that Mr. Nelams then shot him with a pistol. As a result of that firing, Mr. Hicks ultimately died as a result of gunshot wounds. There are witnesses to the shooting, as well as the incident was captured on video surveillance footage. Again, all these facts took place in Webster Parish.
 

 The trial judge ordered a presentence investigation (“PSI”) report and Defendant was sentenced at a hearing on November 30, 2009. Prior to imposing sentence, the judge reviewed the PSI report, noting the particulars of Defendant’s conduct on the day of the victim’s death. Specifically, the judge described that the shooting took place at a Sonic Drive-In in Springhill, Louisiana, where Defendant had brought the victim after forcibly removing him at gunpoint from a residence. The parties were allegedly involved in a dispute over a “large” sum of money.
 

 The judge also reviewed Defendant’s social and criminal history as described in the PSI report. The judge noted that Defendant was 23 years of age at the time of sentencing and that he had completed high school and attended a junior college for two years in Kilgore, Texas. Thereafter, Defendant returned home and began work on roofing projects. Defendant was single, but expecting a child with a woman who resides in Houston, Texas.
 

 The trial judge also noted Defendant’s lack of a significant criminal history. Defendant’s prior convictions were for misdemeanors, including three for disturbing the peace and one for possession of marijuana. While Defendant had no felony convictions, the judge did note that he had an | .¡outstanding bench warrant on a second degree battery charge. The judge also referred to various letters he had received written on behalf of Defendant. The letters, including one written by his pastor, spoke well of Defendant and how his conduct resulting in the present conviction was out of character.
 

 The judge listed as aggravating factors Defendant’s use of a dangerous weapon and the serious harm caused by his conduct. Concluding that Defendant was in need of correctional treatment most effectively provided by commitment to a penal institution, and that a lesser sentence would deprecate the seriousness of his offense, the trial judge sentenced Defendant to 30 years at hard labor with credit for time served. A motion to reconsider sentence arguing only constitutional exces-
 
 *33
 
 siveness was filed by Defendant and denied. This appeal followed.
 

 DISCUSSION
 

 Assignment of Error Number One (verbatim):
 
 The court erred by imposing an excessive sentence.
 

 Defendant argues that the sentence imposed by the trial judge was excessive. He urges that the trial judge failed to give proper weight to the fact that he took responsibility, and expressed remorse, for his actions. Defendant further emphasizes his youthful age, family support and lack of criminal history.
 

 La. C. Cr. P. art. 881.1 precludes a defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. In such a circumstance, the defendant is simply relegated to having the appellate court consider the bare claim of constitutional Rexcessiveness.
 
 State v. Mims,
 
 619 So.2d 1059 (La.1993);
 
 State v. Masters,
 
 37,967 (La.App.2d Cir.12/17/03), 862 So.2d 1121;
 
 State v. Duncan,
 
 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Livingston,
 
 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733;
 
 State v. White,
 
 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123. Since Defendant’s motion for reconsideration merely alleged that the sentence is excessive, under
 
 State v. Mims, supra,
 
 he is “simply relegated to having the appellate court consider the bare claim of excessiveness.”
 

 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280,
 
 unit denied,
 
 04-0597 (La.9/24/04), 882 So.2d 1165.
 

 |,A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing.
 
 State v. Cook,
 
 95-2784 (La.5/31/96), 674 So.2d 957,
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.
 
 Id.
 

 The sentencing range for a manslaughter conviction is zero to 40 years at hard labor. La. R.S. 14:31. Significantly, as part of Defendant’s plea bargain, the State reduced the charge of second degree murder to manslaughter and dismissed the two felony conspiracy charges. The PSI report suggests that the evidence would have supported a second degree murder conviction. The mandatory sentence on a conviction for second degree murder is life imprisonment at hard labor without benefits. La. R.S. 14:30.1. Accordingly, Defendant received a substantial advantage as a result of his plea agreement, which capped his sentencing exposure at 40 years.
 

 
 *34
 
 Next, we note that the killing of Hicks by Defendant was a violent offense and the imposed sentence of 30 years is well below the maximum of the sentencing range for manslaughter. We conclude that the sentence is warranted by the violent nature of the crime and the resultant death of the victim. Considering the nature of Defendant’s actions, we do not find the sentence imposed by the trial court to be a purposeless and needless | ^infliction of pain and suffering or grossly out of proportion to the sei'iousness of the offense.
 

 CONCLUSION
 

 For the foregoing reasons, the sentence of Defendant, Darius Nelams, is affirmed.
 

 AFFIRMED.