SEXTON, Judge Pro Tern.
As a result of a plea agreement, Defendant, Floyd Dennis, pled guilty to carnal knowledge of a juvenile, a violation of La. R.S. 14:80. He was subsequently sentenced to seven years’ imprisonment at hard labor; all but four years were suspended and Defendant was given credit for time served. Defendant was also given four years’ active supervised probation, with special conditions, to begin after his release. Defendant appeals. For the reasons stated herein, Defendant’s conviction and sentence are affirmed.

FACTS

The following facts were gleaned from the guilty plea hearing, the sentencing hearing and the presentence investigation (“PSI”) report. The Bossier City Police Department was contacted in reference to a sexual assault on a 14-year-old girl. The victim alleged that Defendant forced her to have sexual intercourse with him; Defendant contended the act was consensual. At the time of the incident, Defendant was 17 years old. He was initially charged with forcible rape, a violation of La. R.S. 14:42.1 A(l).
After reaching a plea agreement with the State, Defendant pled guilty to felony carnal knowledge of juvenile, a violation of La. R.S. 14:80. At the time of the offense, the victim was 14 years old and, as stated, Defendant was 17 years old; however, as a part of the plea agreement, there was a stipulation that the age difference between the victim and Defendant was four years or greater.[1] There was no sentencing agreement. A PSI was ordered.
*460 The PSI report indicated that the victim’s mother took her to the Willis-Knigh-ton Hospital emergency room on June 13, 2011. The victim reported that she had been raped by her sister’s boyfriend, known as “Shack or Shaq.” The -victim’s mother was away from the home at the time of the incident; and, in the mother’s absence, Defendant spent the night at the home with his girlfriend.
The victim stated she had been sleeping on a couch in the living room when she woke up to see Defendant pulling down her panties. The victim tried to push Defendant away, but he was too big and heavy. Defendant then proceeded to have sexual intercourse with the victim, against her will. The victim reported that it was painful, she was afraid and did not know what to do. When her mother returned, she told her what had happened and her mother took her to the emergency room.
Officers interviewed the victim’s sister, who was uncooperative and initially did not answer any questions. The sister eventually identified “Shaq” as Defendant. Defendant was questioned and initially denied having intercourse with the victim. He later changed his story and said the victim approached him about sex and that it was consensual. Defendant stated that they had sex twice and the victim told him it would be their secret.
The victim’s mother also provided a statement for the PSI report. She believes that Defendant “should serve some serious time. He knew what he was doing and that it was wrong. I don’t want him to do this to someone else.” The victim’s mother also stated that her daughter still suffers issues as a result of Defendant’s actions. She noted that her daughter was a virgin at the time of the incident and that she did not talk much about the incident; and, if she did, she would cry. According to the mother, the victim and her sister hardly speak to each other. Attempts at counseling have proved to be too expensive for the family due to transportation issues. Defendant’s statement in the PSI report is simply, “My girlfriend is pregnant. Will I be able to live with her?”
During the sentencing hearing, the trial judge noted the facts of the offense, as well as Defendant’s lack of criminal history. As noted by the judge, however, the PSI report indicates that Defendant admitted the existence of a record in Caddo Juvenile Court. Defendant attended school through the eighth grade and then attended an alternative school, but dropped out of that program. Defendant has no work history; and, when asked how he supported himself, he indicated that he sold drugs.
In reviewing the factors of La. C. Cr. P. art. 894.1, the trial court found that a lesser sentence would deprecate the seriousness of Defendant’s crime. The trial judge also noted that there were no grounds to justify or excuse Defendant’s criminal conduct. The trial court also noted that Defendant would likely respond affirmatively to probationary treatment after serving a period of incarceration.
As previously stated, the trial judge then sentenced Defendant to seven years’ imprisonment at hard labor with credit for time served, with all but four years of the sentence suspended. Defendant was placed on four years’ active probation following his release from incarceration. He was informed that he must comply with *461 the conditions of probation as stated in La. C. Cr. P. art. 895, that he should not be involved in criminal activity and must report to his probation officer as directed. Additionally, Defendant was informed that he must comply with the registration and notification requirements for sex offenders. As additional conditions of probation, Defendant was ordered not to have contact with the victim or the victim’s family. Further, Defendant must enroll and complete a sex offender counseling program. Defendant was prohibited from residing in a residence where there would be minors present and was ordered to obtain a GED within the first year of his probation. He was informed that he would have to obtain and maintain full-time lawful employment. In addition, Defendant was ordered not to drink alcohol or use illegal drugs and he was advised that his probation included random alcohol and drug screens, as well as a $75 monthly supervision fee or perform community service in lieu of payment as deemed appropriate by Defendant’s probation officer.
The record does not indicate that a motion to reconsider sentence was filed with the trial court. This appeal by Defendant ensued.

DISCUSSION

Assignment of Error Number One (verbatim): The trial court erred by imposing an unconstitutionally harsh and excessive sentence.
Defendant argues that the sentence fails to provide him with an opportunity to be rehabilitated and re-enter society as a productive member. Defendant further argues that the sentence is excessive and nothing more than a purposeless and needless imposition of pain and suffering. We disagree.
When a defendant fails to timely file a La. C. Cr; P. art. 881.1 motion to reconsider sentence, the appellate court’s review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Masters, 37,967 (La.App.2d Cir.12/17/03), 862 So.2d 1121; State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164; State v. Jones, 41,449 (La.App.2d Cir.9/20/06), 940 So.2d 61. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
A trial court has broad discretion to sentence within the statutory limits. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Guzman, supra.
La. R.S. 14:80 D(l) provides, in pertinent part:
Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
La. R.S. 14:42.1 B provides:
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without bene *462 fit of probation, parole or suspension of sentence.
The record before us supports the constitutionality of Defendant’s sentence. Defendant received a significant sentencing benefit as a result of his plea agreement. His sentencing exposure was reduced from a maximum sentence of 40 years’ imprisonment (with a minimum of five years) to a maximum of 10 years’ imprisonment. While it is not necessary to review on a bare claim of constitutional excessiveness, it is noted that the trial court reviewed the appropriate factors, in accordance with La. C. Cr. P. art. 894.1, in determining Defendant’s sentence.
The trial court also considered the crime as well as the -victim’s impact statement given by the victim’s mother wherein she indicated that she believed that Defendant should receive a period of incarceration. Defendant had never held a job and admitted to selling drugs to support himself. Further, Defendant also admitted to having a juvenile record in Caddo Parish. Even considering Defendant’s first offender status, the sentence is appropriate under the facts and circumstances of this case. Given the seriousness of the offense, the impact on the victim and her family and the benefit of the plea bargain received by Defendant, the sentence does not shock the sense of justice, nor is it disproportionate to the severity of the offense. This assignment is without merit.

CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant, Floyd Dennis, are affirmed.
AFFIRMED.

. The statute, La. R.S. 14:80, provides in pertinent part:
A person who is seventeen years of age or older has sexual intercourse, with consent, *460 with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater. (Emphasis added.)