580 So.2d 998 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Richard JOHNSON, Defendant-Appellant.
No. Cr 90-1045.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
*999 Louis Vogt, Indigent Defender Bd., Vidalia, for defendant-appellant.
Ronnie McMillin, Asst. Dist. Atty., Vidalia, for plaintiff-appellee.
Before STOKER, DOUCET and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether there was sufficient evidence to support the finding that defendant was guilty of driving while intoxicated, third offense, and whether defendant was denied a fair trial by the State's alleged failure to disclose exculpatory evidence.
Richard Johnson (hereinafter defendant) was charged by bill of information with driving while intoxicated, third offense, in violation of La.R.S. 14:98. Defendant pled not guilty and was tried before a jury. The jury found defendant guilty as charged on March 20, 1990. The trial court ordered a presentence investigation to be made. On July 3, 1990, the trial court sentenced defendant to pay a fine of $1,000.00 and special costs of court and to serve a term of five years imprisonment at hard labor. The trial judge suspended one and one-half years of the sentence and ordered defendant placed on active supervised probation for five years after his release. The trial judge placed special conditions on defendant's probation, which consisted of an indefinite suspension of defendant's driver's license; periodic drug and alcohol screening; full payment of the fine and costs; attendance at a substance abuse treatment program; and payment of a fee of $10.00 a month to defray the cost of probation. The defendant timely appeals urging two assignments of error. We affirm defendant's conviction, but note errors patent on the face of the record, and, for this reason, set aside the sentence and remand the matter to the trial court for resentencing.

FACTS
On January 14, 1990, Officer Jim Boren of the Ferriday Police Department was stopped by a driver of a vehicle at the Graham Jiffy Mart on Highway 84/65 in Concordia Parish, Louisiana. The driver told Officer Boren that he had just been in an accident with another car. The driver pointed out to Officer Boren a brown Ford automobile which was parked on the side of the road in front of Graham's. Officer Boren started to approach the vehicle on foot when the car slowly pulled away from the side of the road. Officer Brown got back into his patrol unit and followed and then stopped the brown Ford automobile a short distance away. Officer Boren testified that, when he again approached the car, he saw defendant behind the steering wheel, and there were two female passengers in the car with defendant.
Officer Boren asked for defendant's driver's license, but defendant told him that he did not have one. Officer Boren noticed that defendant had bloodshot eyes, smelled *1000 of alcohol, and his speech was slurred. When defendant was asked to step out of the car, defendant's balance was unsteady. Officer Boren concluded that defendant was "highly intoxicated," and transported him to the Ferriday Police Department for an intoxilizer test. Defendant refused to take an intoxilizer test. Defendant further claimed at the scene and at the police station that he was not driving the car.
Defendant was charged by bill of information with driving while intoxicated, third offense, a violation of La.R.S. 14:98. Defendant pled not guilty and was tried before a jury. On March 20, 1990, the jury found defendant guilty as charged. A presentence investigation was ordered. On July 3, 1990, the trial judge sentenced defendant to pay a fine of $1,000.00 and special costs and to serve a term of five years imprisonment at hard labor, and suspended one and one-half years of the sentence and ordered defendant placed on active supervised probation for five years after his release. The trial judge placed special conditions on defendant's probation which consisted of an indefinite suspension of defendant's driver's license; periodic drug and alcohol screening; full payment of the fine and costs; attendance at a substance abuse treatment program; and payment of a fee of $10.00 a month to defray the cost of probation.
Defendant appeals urging two assignments of error. Defendant argues that there was insufficient evidence to support his conviction for driving while intoxicated, third offense, and that defendant was denied a fair trial by the State's alleged failure to disclose exculpatory evidence. We affirm defendant's conviction, but, noting an error patent on the record, set aside the sentence and remand the matter to the trial court for resentencing.

LAW
Defendant contends in his first assignment of error that there was insufficient evidence to support defendant's conviction of driving while intoxicated, third offense. Defendant argues that the State failed to prove beyond a reasonable doubt that defendant was driving the car.
When there is an issue of sufficiency of evidence on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983). It is the role of the factfinder to weigh the respective credibilities of the witnesses and, therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See, State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La. 1983).
In order for the State to obtain a conviction, it must prove the essential elements of the charged offense, driving while intoxicated, third offense, beyond a reasonable doubt.
La.R.S. 14:98 reads in pertinent part:
"A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages ..."
Thus, the State must prove beyond a reasonable doubt that defendant was operating a motor vehicle while under the influence of alcoholic beverages. Further, to convict defendant on his third offense, the State must also prove that defendant has two prior convictions for driving while intoxicated.
Officer Boren testified that he observed defendant's car after it rolled into the parking lot from the highway. Officer Boren approached the car to inquire about a reported accident when the car began to slowly move away. Officer Boren followed in his unit and stopped the car moments later and saw defendant behind the steering wheel. Officer Boren further testified *1001 that defendant smelled of alcohol, his eyes were bloodshot, his speech slurred, and his balance was unsteady. After defendant was transported to the police station, he refused to take a breath alcohol test. At the scene, both passengers denied driving the car. The testimony of Officer George Williams supported Officer Boren's testimony.
Also introduced at trial was evidence of defendant's two prior driving while intoxicated convictions: a 1986 conviction in LaSalle Parish and a 1989 conviction in Catahoula Parish.
The defendant contends he was not operating the car and, therefore, was not guilty of driving while intoxicated, third offense. In order to operate a motor vehicle, the defendant must have exercised some control or manipulation over the vehicle, such as steering, backing, or any physical handling of the controls for the purpose of putting the car in motion. State v. Brister, 514 So.2d 205, 207 (La. App. 3 Cir.1987).
Defendant presented the testimony of two witnesses, the occupants of the car when defendant was arrested, who testified that defendant was asleep in the back seat and that Rhonda Brown, one of the other persons in the car, was operating the car. They claimed he only got into the driver's seat, just before the officer arrived, to try to restart the car and that they told the officer this after defendant was arrested. However, the jury rejected these witnesses' versions of the incident and relied upon the version given by Officer Boren, who testified he saw no one change positions in the car and he saw defendant driving the car.
The question of credibility is within the sound discretion of the trier of fact. Their factual determinations are entitled to great weight and will not be disturbed unless contrary to the evidence. State v. Cobbs, 350 So.2d 168 (La.1977). We find that it was not contrary to the evidence for the jury to find the defendant guilty of driving while intoxicated, third offense.
Therefore, we find this assignment of error lacks merit.
In his second assignment of error, the defendant claims that he was denied a fair trial because the State failed to disclose exculpatory evidence known by the arresting officer.
Officer Boren testified that he saw defendant drive the automobile. He testified that, at the scene, both passengers denied driving the car. He also testified that, at the police station, defendant denied he was driving the car.
On rebuttal, Officer Boren testified that, at the police station, one passenger, Rhonda Brown, recanted and claimed to be the driver of the car. Defendant, while cross-examining Officer Boren on rebuttal, asked him:
BY MR. VOGHT: "You stated during your previous testimony that the ladies denied driving the car."
BY OFFICER BOREN: "They did. They did. On the scene."
BY MR. VOGHT: "And now, you're saying that sometime later the lady said she was driving the car."
BY OFFICER BOREN: "Yes, she did. At the station."
BY MR. VOGHT: "So you didn't want the jury to hear that the lady said that she was driving the car?"
BY OFFICER BOREN: "No, sir, I did not. I didn't think at the station, after everything was done, it was relevant."
Defendant was aware of this allegedly exculpatory evidence. Both passengers testified before the jury during the defendant's case-in-chief that they had told the police officers that Rhonda Brown was driving before the stop and that defendant had only moved from the back seat to the driver's seat to try to get the car started before the officers arrested him.
A review of the record revealed no pretrial discovery request by defendant for exculpatory evidence. Defendant also made no contemporaneous objection to Officer Boren's testimony during the trial. La.C.Cr.P. Art. 841.
A defendant's right to be protected against the prosecution's failure to reveal *1002 the possession of exculpatory evidence is founded upon the due process clause of the Federal and State Constitutions is designed to assure a fair trial. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); State v. Prudholm, 446 So.2d 729 (La.1984). The Louisiana Supreme Court stated in Prudholm, that, if a defendant only makes a general request for exculpatory evidence or if no request is made at all, then defendant's conviction will be overturned only if the omitted evidence creates a reasonable doubt which would not otherwise exist. Therefore, defendant is not entitled to a reversal of his conviction and a new trial unless the alleged exculpatory evidence creates reasonable doubt about defendant's guilt.
In the present case, the jury was actually presented with the allegedly exculpatory evidence when Deidra Farris and Rhonda Brown, the other two persons in defendant's car when he was arrested, testified during defendant's case-in-chief. The jury chose not to believe the testimony of these witnesses. Their versions of how Rhonda Brown got out from behind the driver's seat and defendant got behind the driver's seat differed. Deidra Farris testified that Rhonda Brown slid across the front seat while defendant got from the back seat and over the front seat into the driver's seat. Rhonda Brown testified that she got out of the car and walked around the car to get on the passenger side while defendant got into the front seat.
At trial this testimony obviously did not create a reasonable doubt since the jury found defendant guilty as charged. We do not find this testimony creates any reasonable doubt on appeal when reviewed under the legal standard of Jackson. Thus, we find that this assignment of error also lacks merit.
A review for errors patent on the face of the record reveals errors in the trial judge's sentencing of defendant. La.C. Cr.P. Art. 920(2).
The trial judge imposed a fine and costs but no alternative sentence in default of payment of the fine and costs. See La.C.Cr.P. Art. 884. Imposition of such a default provision is mandatory.
The trial judge also suspended defendant's driver's license for an indeterminate period of time. At the sentencing hearing he said:
"I'm going to suspend your driver's license until ... until you are on probation anyway, and its my intention, until I'm satisfied that you are able to drive without drinking, to keep it suspended indefinitely ..."
A condition of probation cannot extend beyond the maximum probationary term of five years. La.C.Cr.P. Art. 893, 895; State v. Jenkins, 527 So.2d 356 (La.App. 5 Cir. 1988). Therefore, the trial court could only limit the suspension of defendant's driver's license for a maximum of five years.
Therefore, we affirm the defendant's conviction, but we set aside the defendant's sentence and remand the matter to the trial court for resentencing. On remand, the trial court should provide that in default of payment of the fine and costs the defendant should be imprisoned for a specified period, not to exceed one year, and should fix a definite term for the suspension of defendant's driver's license, not to exceed the maximum term of probation.
CONVICTION AFFIRMED; SENTENCE SET ASIDE AND REMANDED FOR RESENTENCING.