900 So.2d 240 (2005)
STATE of Louisiana, Appellee
v.
Steven Michael PRESSON, Appellant.
No. 39,688-KA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*241 Paula Corley Marx, Lafayette, Peggy J. Sullivan, Monroe, Louisiana Appellate Project, Jerry Kircus, Assistant Indigent Defender, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Thomas Butler, Brian Barber, Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS and LOLLEY, JJ.
GASKINS, J.
The defendant, Steven Michael Presson, appeals his conviction for driving while intoxicated, fourth offense. He claims that the evidence was insufficient to sustain his conviction due to entrapment. For the following reasons, we affirm the conviction and sentence.

FACTS
On the evening of December 29, 2002, Officer Brian Skinner of the Shreveport Police Department observed a car accelerate away from a stop light, spinning its tires as the driver turned right from Youree Drive onto Kings Highway. The car was driven by a woman and the defendant was a passenger. The officer pulled the *242 car over into a parking lot near "a strip of bars down Kings Highway at Youree." Both the woman and the defendant appeared to be intoxicated. The officer asked the defendant to remain in the car, but the defendant got out of the vehicle and offered to drive. After determining that the vehicle was registered in the defendant's name, Officer Skinner gave the keys to the car to the defendant and told him "You don't need to be driving." He arrested the woman and left the scene to transport her to jail. After driving "maybe a block away," Officer Skinner realized he had forgotten to record the tag number from the car. He returned to the scene of the traffic stop.
As he approached, the officer noticed that the defendant's car was facing a different direction with its lights on. He stopped at a red light and watched the defendant drive the vehicle across the road in front of the officer's car. Officer Skinner stopped the defendant and arrested him for driving while intoxicated (DWI). He chose not to conduct field sobriety testing at the scene of the arrest for safety reasons because the defendant "reeked of alcohol" and "could barely walk."
After reading the defendant his Miranda rights at the testing room at selective enforcement, the officer conducted field sobriety tests and a breath test. The defendant's blood alcohol concentration was .157 percent. The tests were videotaped, and were admitted into evidence at trial.
The defendant was charged with DWI, fourth offense. The defendant was tried by jury on May 25, 2004. The defendant claimed that the car belonged to deceased members of his family and that his female friend had been driving because he did not have a driver's license at the time of the offense. At the initial traffic stop, the defendant claimed that he got out of the car, offered to walk home if the officer would allow him to leave with his companion, and only returned to his seat when he was threatened by Officer Skinner with arrest for "public drunk." He said he rolled down the window, and the officer gave him the keys to the car before driving the woman to jail. The defendant did not remember being told not to drive.
The defendant explained that he had to move the car to get it out of a driveway, stating, "I'm not going to say that if I were to start it, I wouldn't have tried the [sic] make it home in the vehicle. But at the time I was trying to get it out of the, the [sic] car was straddled [sic] the driveway and there were people trying to get in." The defendant testified that the officer entrapped him because "he left me the keys to do [sic], I guess, to try to get home or whatever in it." He claimed the officer set him up, stating,
I felt that the reason that he give [sic] me the keys was for waiting, because it was 30 minutes before he happened, and I don't know where he come from, he wasn't sitting at the light. Because when she straddle the car across the drive, I was facing looking for him, watching for him make sure. I don't know where. He went, made the block and was hiding somewhere waiting on me to start the vehicle and leave in it. [sic]
He claims he drove no further than 20 yards before the officer stopped him and placed him under arrest for DWI. The defendant admitted having three prior convictions for DWI.
The jury unanimously found the defendant guilty of DWI, fourth offense. The trial court denied the defendant's motion for post verdict judgment of acquittal in which he attacked the sufficiency of the evidence. The trial court sentenced the *243 defendant to "hard labor for not less than ten years and be fined five thousand dollars or five hundred days in the parish jail, credit for time served, the five hundred days is concurrent with the ten year sentence." The court reiterated in the next sentence that the defendant had been sentenced to ten years at hard labor. The first sixty days of the ten year sentence were ordered to be served without benefit of parole, probation, or suspension of sentence. The defendant was sentenced to five years probation. He was also ordered to undergo evaluation and treatment in accordance with La. R.S. 14:98. Furthermore, he was sentenced to home incarceration as a condition of probation for not less than one year to be determined after completion of treatment. The defendant appealed.

ENTRAPMENT
The defendant claims on appeal that the evidence against him is insufficient to support his conviction for DWI, fourth offense. The defendant does not deny that he was driving while intoxicated, but alleges that he was the victim of entrapment by the arresting officer. He urges that he was not operating his vehicle "until a police officer left him the keys to a car parked blocking a business drive." He states that the officer told him not to drive, but did not offer to call a cab or tell him to call one. The defendant argues that "it does seem incredible that the officer having returned the keys to a man he did not believe was sober enough to drive, coincidentally forgot to write down the tag number of the car and then returned to the scene just in time to see [the defendant] driving away."
The state argues that the defense failed to prove the elements of entrapment by a preponderance of the evidence, claiming that the officer did not induce the defendant to drive by returning the keys to him "when he was the possessor of the vehicle." The state asserts that the defendant admitted at trial that he was close enough to his home to walk and that he did not have a driver's license at the time of the offense. The state also argues that Officer Skinner warned the defendant not to drive and that the scene of the stop was a parking lot adjacent to several bars where the defendant had access to a phone. Furthermore, the defendant admitted while testifying "that he would not say he was not going to try and drive . . . home."

Legal Principles
The proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. To convict the defendant of DWI, the prosecution need only prove that he was operating a vehicle and that he was under the influence of alcohol or drugs. La. R.S. 14:98; State v. Taylor, 38,574 (La.App.2d Cir.8/18/04), 880 So.2d 197; State v. Courtney, 30,629 (La.App.2d Cir.5/13/98), 714 So.2d 176. It is not necessary that a conviction of DWI be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish the defendant's guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983).
Entrapment occurs when a state agent, to obtain evidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage *244 in conduct constituting an offense when he is not otherwise predisposed to commit such an offense. State v. Brand, 520 So.2d 114 (La.1988); State v. Bradford, 32,747 (La.App.2d Cir.10/27/99), 745 So.2d 800; State v. Kerrigan, 27,846 (La. App.2d Cir.4/3/96), 671 So.2d 1242. The entrapment defense is composed of two elements: 1) an inducement by a state agent to commit an offense, and 2) lack of predisposition to commit the offense on the part of the defendant. State v. Bradford, supra; State v. Kerrigan, supra. Thus, the burden of proof is on the defendant to raise the affirmative defense of entrapment and to prove, by a preponderance of the evidence, that a state agent induced him to commit the crime. Once the defendant meets this burden, the state has the burden of proving beyond a reasonable doubt that the defendant was predisposed to commit the crime prior to government involvement. Jacobson v. United States, 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992); State v. Bradford, supra; State v. Kerrigan, supra.
Whether a government agent induced an otherwise innocent person into committing a crime is a question to be resolved by the trier of fact. State v. Brand, supra; State v. Bradford, supra. On appeal, contentions of entrapment are also viewed under the standard established in Jackson v. Virginia, supra.

Discussion
On this record, the evidence was sufficient for the jury to reject the defense of entrapment and to find the defendant guilty of DWI, fourth offense, beyond a reasonable doubt. The defendant failed to establish the first element of his entrapment defense, that Officer Skinner induced him to commit the offense. The record also sufficiently demonstrates the defendant's predisposition to commit the offense.
The jury obviously found the testimony of Officer Skinner to be more credible than that of the defendant. The officer testified that when he gave the defendant the car keys, he instructed the defendant not to drive. Officer Skinner stated that he left the defendant and the vehicle in a parking lot near "a strip of bars down Kings Highway at Youree" where the defendant "had several means to get himself a ride home." The defendant had already suggested to the officer that he and his female companion could have walked a short distance to his house. Furthermore, since the defendant was not initially driving, the officer could assume that the defendant would again make the decision not to drive the vehicle. Under these circumstances, the jury did not err in finding that Officer Skinner did not induce the defendant to commit the offense.
Further, the record reflects that the defendant had a predisposition to commit the offense of driving while intoxicated. The record shows that the defendant had several prior convictions for driving while intoxicated.
Based upon this record, the jury did not err in rejecting the defendant's claim of entrapment and in finding that the prosecution established his guilt of DWI, fourth offense, beyond a reasonable doubt.

ERRORS PATENT
The defendant alleges in his brief errors patent which include the imposition of an indeterminate sentence and failure to properly inform the defendant of the delays for applying for post conviction relief.
The defendant contends that the trial court failed to impose a determinate sentence. At sentencing, the trial court first stated that "the defendant be sentenced *245 at hard labor for not less than ten years." He argues that the trial court also suspended a portion of the sentence imposed, but did not state how long the term of probation was to be. These arguments are without merit.
La. C. Cr. P. art. 879 provides that if a defendant had been convicted of an offense and is sentenced to imprisonment, the court shall impose a determinate sentence. In this matter, although the trial court initially stated that the defendant was to be sentenced to hard labor for "not less than ten years," the trial court went on to state that the defendant's term in the parish jail as an alternative to the fine was specified to run concurrently "with the ten year sentence." The court also specified that "the first sixty days of the ten year sentence" is to be served without benefit of parole, probation, or suspension of sentence. The defendant claims that "while it may be understood what sentence was intended, since the sentence imposed was not a determinate one, it must be set aside and this matter remanded for imposition of a determinate sentence." From the construction of the oral pronouncement of the sentence, it can be assumed that the court was initially reading from statutory language; however, in the same and subsequent statement, he states repeatedly that the sentence is a "ten year sentence." From the record, it is clear that the court imposed the minimum sentence of ten years at hard labor. Based upon the record before this court, the sentence is determinate and remand is unnecessary.
The defendant also argues that the trial court failed to specify the length of the probated sentence. The transcript of the sentencing shows that the trial court clearly stated that the term of probation was five years. The trial court stated, "You are sentenced to five years of active supervised probation, if I did not say that."
The defendant contends that the trial court failed to notify him of the time limits for filing post conviction relief imposed by La. C. Cr. P. art. 930.8. The trial court stated "you are also notified that you have time delays to file post conviction relief." This was insufficient; however, it is not a reversible error. La. C. Cr. P. art. 921. The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which requires the trial court to inform the defendant of the limitations period for filing an application for post conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189, abrogated on other grounds, State ex rel. Olivieri v. State, XXXX-XXXX (La.2/21/01), 779 So.2d 735; State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. The trial court should have advised the defendant that no application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C. Cr. P. arts. 914 or 922. The defendant is hereby notified in this opinion of the appropriate delay.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Steven Michael Presson.
AFFIRMED.