COURT OF APPEAL, THIRD CIRCUIT

**STATE OF LOUISIANA**

**VERSUS**

**BERNIE GENE YOUNG**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR273-10
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**SENTENCE AFFIRMED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
**Bernie Gene Young**

**Michael C. Cassidy**
**District Attorney-31st Judicial District Court**
**P. O. Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**Counsel for Appellee:**
**State of Louisiana**

**Stacey C. Naquin**
**Assistant District Attorney-31st Judicial District Court**
**P. O. Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**Counsel for Appellee:**
**State of Louisiana**

**GREMILLION Judge.**

Bernie Gene Young was convicted by a jury of operating a vehicle while intoxicated, fourth offense, a violation of La.R.S. 14:98. He was sentenced to fifteen years imprisonment, with seventy-five days without the benefit of parole, probation, and suspension of sentence, and was ordered to pay a fine of five thousand dollars. His motion to reconsider the sentence was denied.

Defendant appeals his sentence. He asserts that the trial court failed to fashion a sentence particular to his admitted alcoholism and that the sentence of fifteen years was constitutionally excessive considering the offenses were caused by the disease of alcoholism.

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied,* 01-838 (La. 2/1/02), 808 So.2d 331, this court discussed the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Furthermore, in *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, this court held that to decide whether a sentence shocks the sense of justice or makes no

meaningful contribution to acceptable penal goals the following may be considered:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste,* 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

Defendant was sentenced pursuant to La.R.S. 14:98(E)(1)(a), which, at the time of the commission of the offense, provided in pertinent part:

> Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Seventy-five days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.

At the sentencing hearing, the trial court noted for the record, as follows:

> THE COURT: All right. Mr. Young, you stand before the Court today for sentencing after having been previously found guilty by a Jefferson Davis Parish jury of the crime of driving while intoxicated, fourth offense. The Court ordered a Pre-Sentence Investigation, which has now been received and carefully studied. The Court has considered the following factors, as well as the nature of the present offense, in determining an appropriate sentence. The Court makes the following findings concerning sentencing.
>
> . . . .
>
> The Pre-Sentence indicates that you are fifty-one (51) years of age, born on February the 20th, 1959. You are currently single, having—having never been married. You have no children. You graduated from Hathaway High School in 1978. After graduation, you worked primarily as a truck driver and laborer. Your most recent employment was with SR---SAR Protectors and Supply, an oil field supply firm in–in the area of Scott, Louisiana.

The Pre-Sentence Investigation states that you do not have a juvenile criminal history, although you do have an adult criminal history. On July 27th, 1998, you were found guilty of driving while intoxicated, first offense, and given one (1) year of probation in Jefferson Davis Parish. On March 12, 2001, you were found guilty of driving while intoxicated, a second offense, and received a sentence of six (6) months in the parish jail in Jefferson Davis Parish. On January the 20th of 2004, you were found guilty of driving while intoxicated, third offense, and received a sentence of one (1) year with the Department of Corrections with all but thirty (30) days suspended in Cameron Parish. On May 23rd, 2006, you were found guilty of driving while intoxicated, fourth offense, and received a sentence of ten (10) years with the Department of Corrections with all but four (4) years suspended. You were then placed on supervised probation for a period of three (3) years after your release. Your most current conviction occurred while you were still on probation.

. . . .

In reviewing the Pre-Sentencing Investigation, the Court takes note of the fact that you are fifty-one (51) years of age. This has been taken into consideration in mitigating against imposition of a maximum sentence in this matter. However, the Court can find no other mitigating factors.

Your involvement in criminal activity demonstrates to the Court that you cannot live in society and that this community must be protected from you. You are certainly in need of correctional treatment in a custodial environment for a sign—for a significant period of time. Anything less would deprecate from the seriousness of your offense, would not promote respect of the law, and would not provide a just punishment for the crime of which you stand convicted. This Court has an obligation to protect the public from you and will do so by removing you from society.

Defendant points to other cases wherein the defendants had more DWI offenses than he and received lesser sentences. In *State v. Presson*, 43,215 (La.App. 2 Cir. 6/4/08), 986 So.2d 843, the defendant had ten prior arrests or convictions for DWI. The current conviction was his second fourth conviction. He was originally sentenced to fifteen years imprisonment pursuant to La.R.S. 14:98(E)(4)(b), which provides, in pertinent part:

If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed

concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.

The defendant in *Presson* argued the fifteen-year sentence was excessive considering that his emotional state resulted in his alcoholism. The second circuit noted:

> Prior to imposing sentence, the trial court reviewed the facts of the instant offense and defendant's extensive criminal history, including more than ten prior arrests and/or convictions for DWI. *See also, State v. Presson*, 39,688 (La.App. 2d Cir.4/6/05), 900 So.2d 240 (in affirming this defendant's prior DWI fourth offense conviction, this court noted that "defendant had a predisposition to commit the offense of driving while intoxicated" based on his prior criminal record). Indeed, he was on probation for DWI, fourth offense, when the instant offense was committed. The record shows that defendant previously underwent evaluation and treatment for substance abuse in Suit No. 225,931 (*see, State v. Presson, supra*), contrary to his contention here, but that did nothing to preclude his commission of this offense. The trial judge noted that defendant had received a "series of breaks" over the past twenty years, but he has continued to drink and drive. Considering these factors, and notwithstanding defendant's request to consider his emotional state as a mitigating factor, the trial court concluded he was in need of incarceration, that a lesser sentence would deprecate the seriousness of the offense, and that these circumstances were likely to recur based upon his habitual intemperate conduct.

> The trial court originally sentenced defendant to fifteen years at hard labor concurrent with any other sentence he was then serving. After reconsideration at the behest of both parties, defendant's sentence was reduced to twelve years at hard labor but made to run consecutively to any other sentence he was serving, as required by La.R.S. 14:98(E)(4)(b) (the record confirms that defendant previously received the benefits of suspension of sentence and probation as a DWI fourth offender.)

> Considering this defendant's prior DWI fourth offense conviction (to say nothing of his other DWI multiple offense convictions) and the fact that the defendant was on probation when he committed this offense, the sentence imposed in this case is not constitutionally excessive. *See, State v. Masters*, 37,967 (La.App. 2 Cir. 12/17/03), 862 So.2d 1121. In terms of prison time, the defendant's sentence barely exceeds the statutory minimum mandated in this case. On this record, nothing about this sentence shocks the sense of justice. This assignment is therefore without merit.

*Id.* at 851.

Defendant also offered *State v. McDonald*, 33,013 (La.App. 2 Cir. 3/1/00), 754 So.2d 382, to support his position. The defendant received ten years imprisonment for his second fourth DWI, had been arrested thirteen times for DWI, and had a felony drug offense involving Quaaludes. The second circuit also noted that he had "a conviction for unauthorized entry of an inhabited dwelling and issuance of worthless checks in a middle grade felony amount, possession of mari[ju]ana, and while on probation for two separate DWI fourth convictions, there were additional allegations of misuse of the telephone and making harassing phone calls, as well as simple battery."

However, a further review of the cases of similarly situated offenders shows that fifteen years or more for a fourth DWI offense is common in Louisiana. In *State v. Minnifield*, 31,527 (La.App. 2 Cir. 1/20/99), 727 So.2d 1207, *writ denied*, 99-516 (La. 6/18/99), 745 So.2d 19, the second circuit did not find a fifteen-year sentence excessive. The defendant had five previous DWI convictions from two states. The trial court noted that the defendant did not show any remorse and had driven drunk while under suspended license, indicating that he was likely to repeat this course of conduct.

In *State v. Holloway,* 10-74 (La.App. 3 Cir. 10/6/10), 47 So.3d 56, this court affirmed a twenty-two-year sentence for a fourth-offense conviction. The defendant had seven prior DWI convictions and was on probation from the previous conviction when he was arrested for the current offense. In another case, the first circuit affirmed a fifteen-year sentence for the fourth conviction for DWI, noting that the young offender had four prior convictions over a six-year period. *State v. Turner,* 00-630 (La.App. 1 Cir. 12/22/00), 779 So.2d 906.

Finally, in *State v. Swayzer*, 43,350 (La.App. 2 Cir. 8/13/08), 989 So.2d 267, *writ denied*, 08-2697 (La. 9/18/09), 17 So.3d 388, the second circuit affirmed a

twenty-year sentence. The defendant had a lengthy history of DWI arrests and convictions. The trial court noted his lack of recognition that he had a problem and the danger he posed to other drivers.

Clearly, the trial court adequately considered the mitigating and aggravating factors in this case as required by La.Code Crim.P. art. 894.1. Defendant was on probation for his first fourth offense when the current offense occurred and had been given several chances to address and treat his alcoholism. The sentence is not grossly disproportionate to the crime. It does not equate to needless imposition of pain and suffering. There is no indication the trial court abused its vast discretion when it sentenced Defendant to fifteen years at hard labor for the offense of operating a vehicle while intoxicated, fourth offense.

**SENTENCE AFFIRMED.**